**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|                              |   |                               |
|------------------------------|---|-------------------------------|
| Layne W. Johnson,            | : |                               |
|                              | : | Civil Action No. 15-2883(RMB) |
| Plaintiff,                   | : |                               |
|                              | : |                               |
| v.                           | : | **MEMORANDUM AND ORDER**      |
|                              | : |                               |
| Federal Bureau of Prisons,   | : |                               |
|                              | : |                               |
| Defendant.                   | : |                               |

**BUMB**, District Judge:

This matter comes before the Court upon Plaintiff's submission of a request to toll the statute of limitations[1] on a

---

[1] See 28 U.S.C. § 2401(b):

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

See also Wadhwa v. Nicholson, 367 F. App'x 322, 325 (3d Cir. 2010)("a civil action under the FTCA is barred unless it is "begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.")

1

claim he wishes to bring against the Federal Bureau of Prisons under the Federal Tort Claims Act ("FTCA").[2] (Letter with attachments and Civil Cover Sheet, Doc. No. 1). Plaintiff alleged medical negligence by prison medical staff at MDC Brooklyn after he tore his Achilles tendon in October 2012, and the BOP denied his grievance. Attached to Plaintiff's letter to this Court is the response he received from the Federal Bureau of Prisons, Northeast Regional Office, dated November 10, 2014, indicating that he could bring an action against the United States in an appropriate District Court within six months of the date of the memorandum. (ECF No. 1 at 8.)

This Court lacks jurisdiction over Plaintiff's *proposed* FTCA claim because he has not yet filed a complaint in this Court. See U.S. Bancorp. Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 21 (1994)("no statute could authorize a federal court to decide the merits of a legal question not posed in an Article III case or controversy"); Lusardi v. Xerox Corporation, 975 F.2d 964, 974 (3d Cir. 1992)("Article III requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation . . .") The Court shall administratively terminate this matter, subject to

---

[2] The sole proper defendant under the FTCA is the United States of America. See 28 U.S.C. § 2679(b)(1) and (d)(1).

reopening[3] within thirty days if Plaintiff files a completed prisoner civil rights complaint and either pays the $400.00 filing fee or submits a properly completed application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1) and (2).[4]

**IT IS** therefore, on this 18th day of May 2015,

---

[3] The proper venue for an FTCA claim is either the judicial district where the plaintiff resides or the judicial district where the alleged negligent act or omission complained of occurred. 28 U.S.C. § 1402(b); Smith v. U.S., 507 U.S. 197, 202 (1993). Thus, plaintiff may also file his complaint in the Eastern District of New York, where the alleged medical negligence occurred.

[4] 28 U.S.C. § 1915(a)(1) and (2) provide in relevant part:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees . . . . Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

**ORDERED** that Plaintiff's letter request to extend the statute of limitations for his proposed FTCA claim is dismissed for lack of jurisdiction; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter, and it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building and U.S. Courthouse, 402 East State Street, Trenton, NJ, 08608, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete, signed <u>in forma pauperis</u> application, including a certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee and (3) a prisoner civil rights complaint; and it is further

**ORDERED** that upon receipt of the above-described submission by Plaintiff, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff, together with a blank form "Prisoner Applying to Proceed In Forma Pauperis in a Civil Rights Case" and a "Prisoner Civil Rights Complaint" by regular U.S. Mail.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge
